[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
The plaintiff, CLS-Milford, LLC, commenced this action on November 22, 1999 and subsequently filed a Revised Complaint on February 29, 2000 against Gannett Outdoor Co. of Connecticut ("Gannett") and Outdoor Systems, Inc. ("OSI"), the defendants. The plaintiff seeks the following: (a) a declaratory judgment quieting title to the billboard advertising sign structure ("the sign") located at 230 Old Gate Lane, Milford, Connecticut; (b) injunctive relief against the defendants, prohibiting the continued ownership, use, removal and access to the sign; and (c) damages for unjust enrichment and breach of contract with regard to the use of the sign.
The sign at issue was erected as a freestanding structure by a predecessor of the defendants in 1968. The sign was erected pursuant to an agreement between Hunt Pierce company, the then owner of the 230 Old Gate Lane real property and the defendants' predecessor, the United Advertising Corporation. This Agreement dated January 25, 1968 provided authorization from Hunt Pierce Company, as the owner of the real estate, to United, as the tenant, to erect the sign. United was also to have all advertising privileges and to have free access to the real estate for the purposes of erecting, maintaining, painting, and posting the sign. In addition, the Agreement provided for the automatic renewal of its term, and that the tenant had the right to remove "the sign upon the termination of its tenancy. A Notice of Lease was recorded on the land records in the City of Milford.
Since the erection of the sign by United in 1968, the sign eventually passed to Gannett Outdoor Co., Inc. and to Outdoor Systems, Inc. In 1992, Gannett and the then owner of the real estate, Connecticut Limousine, entered into a new Lease Agreement stating that Connecticut Limousine was the owner of the leased premises and Gannett was the owner of the advertising structure. CT Page 5995
Subsequent to the signing of the new Lease Agreement, Fleet Bank foreclosed a mortgage that it held on the subject real estate, and the claimed effect was the termination of the 1992 Lease Agreement. The defendants' tenancy, however, continued subsequent to the foreclosure. In late Spring of 1998, title to the real estate became vested in the plaintiff.
The plaintiff has commenced the present action maintaining that not only is it the owner of the subject real estate, but that the plaintiff also owns the outdoor advertising sign. The plaintiff contends that it succeeded to the freehold estate on May 21, 1998 through a strict foreclosure action instituted by Fleet Bank. On the same date, the plaintiff, CLS, was substituted as party plaintiff in the foreclosure action. Therefore, as of the passing of law days, the plaintiff alleges that the title to the real estate vested in the name of the plaintiff, CLS. The plaintiff argues that the sign is a fixture, permanently attached to the real estate. The plaintiff further argues that as the Lease Agreement has been terminated, the defendants had 90 days to remove its sign, but failed to do so.
The defendants in opposition, argue that the sign is personal property and a trade fixture, and that a foreclosure of a mortgage does not vest title of the personal property owned by a third party, in the foreclosing mortgagee. The defendants also argue that they have continued to pay rent for the sign which the plaintiff continues to accept. The plaintiff denies that it has received continuing rental payments from the defendants. The defendants further argue that the plaintiff's proper remedy is to file an ejectment action or summary process action, not a lawsuit alleging ownership of the advertising sign.
Lastly, the defendant Gannett claims that summary judgment should be granted in its favor since it had sold its interest in the subject billboard sign structure prior to the date when the plaintiff alleges its ownership of the real estate commenced.
"A Motion for Summary Judgment is designed to eliminate the delay and expense of litigating an issue where there is no real issue to be tried."Wilson v. New Haven 213 Conn. 277, 279 (1989). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." Hertz Corp. v. Federal Ins. Co.245 Conn. 374, 381 (1998). In ruling on a motion for summary judgment, the court's function is not to decide issues of material fact, but rather to determine whether any issues exist. Nolan v. Borkowski 206 Conn. 495,500 (1988). The moving party, in this case the plaintiff, has the burden of demonstrating the absence of any genuine issue of material fact. HertzCorp. v. Federal Ins. Co., supra, 245 Conn. 381. "The opposing party, the CT Page 5996 defendant, must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." Id. "A material fact is a fact which will make a difference in the result of a case. Suarez v.Dickmont Plastics Corp. 229 Conn. 99 (1994).
The court after reviewing the exhibits and affidavits submitted by the parties, agrees with the plaintiff that genuine issues of material fact exist. A "genuine issue of material fact is one that is supported by the evidentiary facts or substantial evidence apart from the pleadings.United Oil Co. v. Urban Redevelopment Commission, 158 Conn. 364, 378
(1969). The parties to this matter cannot even agree as to whether or not the defendants have been making payments to the plaintiff or the plaintiff's authorized agent, as consideration for the sign which is located on the plaintiff's property. Whether or not regular periodic payments have been paid by the defendants to the plaintiff as consideration under any alleged lease or implied lease is a genuine issue that would appear central to these proceedings.
Additionally, in determining whether the sign structure is personal property or a fixture that is part of the real estate the court would need to examine the intent of the parties at the time the sign was attached to the property. Waterbury Petroleum Products v. Canaan Oil and Fuel Co.,193 Conn. 208, 215-16 (1984). A question of intent is a question of fact that cannot be addressed by summary judgment.
The parties further disagree as to whether or not the plaintiff duly informed the defendants that the 1992 Lease Agreement had been terminated as a result of the foreclosure action. The plaintiff claims that it notified the defendants on or about October 15, 1998 of its intent not to renew the Lease Agreement. The Lease Agreement required that this notice be sent on or before April 27, 1999. The plaintiff, thus, claims that the Lease Agreement expired on June 25, 1999. The defendants disagree.
For the foregoing reasons the motion for summary judgment is denied. The affidavits and assertions of both the plaintiff and the defendants are in stark contrast to one another. The parties agree on very little, leaving the court to determine that many genuine issues of material fact exist. The moving party for summary judgment has the burden of showing the absence of any genuine issue of material fact. Dougherty v. Graham,161 Conn. 248, 250 (1971). The defendants have failed to meet this burden.
THE COURT
ARNOLD, J. CT Page 5997